Case 4:26-cv-01356   Document 6   Filed 02/24/26 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 24, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LONESTAR TACTICAL BUILDINGS, LLC, | ) Case No. 4:26-cv-1356 <br> ) <br> ) |
| Plaintiff, | ) <br> ) COMPLAINT |
| v. | ) <br> ) |
| AUSTIN D. AVERY, KYLE TRUMBLY, RICHARD WEGNER, RICHARD TOWNSEND, TEAM TACTICAL BUILDINGS, LLC, and TEAM REFURB & SUPPORT, LLC, | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

## TEMPORARY RESTRAINING ORDER

On this day came on for consideration Plaintiff Lonestar Tactical Building, LLC's ("Lonestar") Application for Temporary Restraining Order and Permanent Injunction. The Court, having considered the Application, and the evidence presented, finds as follows:

Lonestar has established a probable right to the relief sought in this matter. Lonestar has demonstrated that it will suffer probable, imminent, and irreparable injury absent the issuance of this Temporary Restraining Order, including ongoing unfair competition by Defendants, breach of fiduciary duty, misappropriation of trade secrets, and tortious interference with Lonestar's contracts with its customers and its prospective business relations.

The evidence establishes that Defendants have solicited Lonestar's employees to leave Lonestar and join TEAM Tactical. The evidence further establishes that Defendants have solicited the business of at least one customer of Lonestar. Defendants have also used Lonestar's

confidential and trade secret information to advance TEAM Tactical's interests and market position.

Defendants' conduct constitutes breach of fiduciary duty, unfair competition, tortious interference with contracts, tortious interference with business relations, civil conspiracy, and misappropriation of trade secrets under the Texas Uniform Trade Secrets Act (Tex. Civ. Prac. & Rem. Code § 134A.002) and the Defense Trade Secrets Act (18 U.S.C. § 1836 *et seq.*).

Lonestar has no adequate remedy at law for the harm suffered to Defendants' conduct. Lonestar cannot readily calculate the damage to it by the loss of goodwill, employees, customers, and business Defendants' conduct has caused and will cause if Defendants are not restrained. Further, damages related to lost business or clientele cannot be readily calculated. Lonestar will be imminently and irreparably harmed by Defendants' continued violations of TUTSA, DTSA, unfair competition laws, and other tortious conduct.

Lonestar has posted a bond in the amount of $1,000.00 as security for this Temporary Restraining Order. The Court finds that this nominal bond amount is appropriate given that the relief granted merely requires Defendants to cease fraudulent and unauthorized activity, return property that belongs to Lonestar, and preserve evidence—conduct they have no legal right to engage in—and there is no realistic possibility that Defendants will suffer damages from being wrongfully enjoined.

For those reasons, IT IS HEREBY ORDERED THAT:

A. Lonestar's application for temporary restraining order is GRANTED;

B. Defendants Austin Avery, Kyle Trumbly, Richard Wegner, Richard Townsend, TEAM Tactical Buildings, LLC, and Team Refurb & Support, LLC are hereby enjoined as follows:

    i. Defendants and their agents, servants, employees, and attorneys, and those acting in concert or participation with them who receive actual notice of this order by personal service, via email, certified mail return receipt requested, regular U.S. mail, through their attorney, or otherwise, are restrained from, directly or indirectly, accessing, using, disclosing, duplicating, distributing, or otherwise disseminating Lonestar's confidential or trade secret information.

    Confidential Information is defined, for purposes of this order, as the identify and particular needs of Lonestar's customers and suppliers, Lonestar's methods of operation, finished products and raw materials, processes, product specifications, trade secrets, including costs and pricing as well as methods for determining prices, financial condition, profits, sales, net income, or business plans of Lonestar or its customers or suppliers, the identities of the particular individuals employed by Lonestar's suppliers, contacts, and customers involved in the procurement, purchasing, or sales of Lonestar's buildings, products, or services, and the identities, salaries, and other personnel information of Lonestar's employees.

    ii. Defendants and their agents, servants, employees, and attorneys, and those acting in concert or participation with them who receive actual notice of this order by personal service, via email, certified mail return receipt requested, regular U.S. mail, through their attorney, or otherwise, are restrained from soliciting, inducing, or attempting to induce, directly or indirectly, any past or current Lonestar customer:

        a. To cease or otherwise modify its doing business, in whole or in part, with or through Lonestar; or

        b. To do business with any other person, firm, partnership, corporation, or other entity which provides products or performs services materially similar or competitive with those provided by Lonestar.

    iii. Defendants and their agents, servants, employees, and attorneys, and those acting in concert or participation with them who receive actual notice of this order by personal service, via email, certified mail return receipt requested, regular U.S. mail, through their attorney, or otherwise, are restrained from destroying, altering, deleting, erasing, secreting, or failing to preserve intact any and all originals or copies of any books, records, documents, communications, or other evidence needed for the underlying litigation.

It is further ORDERED that Defendants must immediately return to Lonestar's attorney of record all confidential information of Lonestar, including but not limited to, Lonestar's trade secrets, customer lists, price information, designs, blueprints, plans, quotes, and must certify under

oath within five (5) days of the date of this Order that they have returned all such materials and have not retained any copies.

It is further ORDERED that Defendants must immediately return to Lonestar's attorney of record the LaCie Rugged Mini external hard drive, Serial Number 0000NT133JYV associated with a volume label of "AUSTIN" in addition to any other removable devices that contain any confidential information of Lonestar, including but not limited to, Lonestar's trade secrets, customer lists, price information, designs, blueprints, plans, and quotes.

It is further ORDERED that this Temporary Restraining Order shall expire on __March 4__, 2026, at 5:00 p.m., unless extended by the Court for good cause shown.

It is further ORDERED that a hearing on Lonestar's Application for Temporary Injunction is hereby SET for __March 4__, 2026, at __9:00__ o'clock a.m.

The Clerk of the Court is directed to issue this Temporary Restraining Order forthwith. Violation of this Order may be punishable as contempt of court.

SIGNED this _____ day of __February__, 2026, at __3:45__ o'clock p.m.

Kenneth M. Hoyt
United States District Judge